UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEVIN FALCON, SR.**                                                                     **CIVIL ACTION**

**VERSUS**                                                               **NO: 18-9559**

**REALM REALTY COMPANY, et al.**                                      **SECTION: T**

### ORDER

Before the Court is a Motion to Remand for Lack of Jurisdiction filed by the plaintiff, Kevin Falcon, Sr. ("Plaintiff").[1] Plaintiff seeks remand to state court due to a lack of subject-matter jurisdiction resulting from the Second Amended Complaint's addition of a non-diverse defendant.[2] Although the motion is unopposed, defendants Realm Realty Company ("Realm"), Massachusetts Bay Insurance Company ("Massachusetts Bay"), and Lake Charles PC, L.P. ("Lake Charles PC") have filed a Motion for Summary Judgment.[3] Additionally, defendant Shamrock Construction Co. Inc. ("Shamrock") has filed a Rule 12(b)(6) Motion to Dismiss.[4] For the following reasons, the Motion to Remand for Lack of Jurisdiction[5] is **GRANTED.**

### FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out an alleged injury caused by a pole falling onto Plaintiff's vehicle in a parking lot on June 7, 2018.[6] On September 10, 2018, Plaintiff filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson naming Realm and Massachusetts Bay Insurance Company as defendants.[7] On October 15, 2018, Realm and Massachusetts Bay filed a

---

[1] R. Doc. 35.
[2] R. Doc. 33.
[3] R. Doc. 36.
[4] R. Doc. 39.
[5] R. Doc. 35.
[6] R. Doc. 1-1.
[7] R. Doc. 1-1.

Notice of Removal pursuant to 28 U.S.C. § 1332 contending that the parties were completely diverse because Plaintiff was a citizen of Louisiana, Realm was a Texas corporation, and Massachusetts Bay was a Massachusetts insurer.[8]

On January 18, 2019, Plaintiff filed a First Amended Complaint adding a Texas limited partnership, Lake Charles PC, as a defendant.[9] On May 29, 2019, Plaintiff filed a Motion and Incorporated Memorandum for Leave to File Second Amended Complaint.[10] No defendant objected,[11] and this Court granted Plaintiff's Motion for Leave to File Second Amended Complaint.[12] The Second Amended Complaint added a Louisiana corporation, Shamrock, as a defendant.[13]

Plaintiff, a citizen of Louisiana, seeks remand to state court due to a lack of subject-matter jurisdiction resulting from the addition of the non-diverse Louisiana corporate defendant, Shamrock.[14]

## LAW AND ANALYSIS

Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[15] Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[16] A defendant may remove a civil action filed in state court if the plaintiff could have brought the

---

[8] R. Doc. 1.
[9] R. Doc. 22.
[10] R. Doc. 30.
[11] R. Doc. 30.
[12] R. Doc. 32.
[13] R. Doc. 33.
[14] R. Doc. 33.
[15] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[16] *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).

action in federal court from the outset.[17] Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."[18]

28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different States." It is well-established that such diversity jurisdiction exists only when there is "complete diversity" between the parties.[19] Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.[20] Remand is proper if at any time the Court lacks subject-matter jurisdiction.[21] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."[22]

In this case, the Court is required to determine whether subject-matter jurisdiction is present before addressing the merits in the pending Motion for Summary Judgment[23] and Rule 12(b)(6) Motion to Dismiss.[24] At the time of removal, the amount in controversy exceeded the jurisdictional threshold, and there was complete diversity because all persons on each side of the controversy were citizens of different states: a Louisiana plaintiff, a Texas defendant, and a Massachusetts defendant.

---

[17] See 28 U.S.C. § 1441(a).
[18] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).
[19] *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).
[20] *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968)).
[21] 28 U.S.C. § 1447(c).
[22] 28 U.S.C. § 1447(e).
[23] R. Doc. 36.
[24] R. Doc. 39.

Subject-matter jurisdiction is no longer present pursuant to 28 U.S.C. § 1332 because there is no longer complete diversity. The Second Amended Complaint, filed with leave of Court, added the non-diverse defendant, Shamrock.[25] Plaintiff is a citizen of Louisiana and defendant Shamrock is a Louisiana corporation. Because there is a citizen of Louisiana on both sides of this controversy, the Court is obligated to remand this action to state court as subject-matter jurisdiction is no longer present.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the motion to remand[26] is **GRANTED**. This case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.

**New Orleans, Louisiana**, on this 31st day of July, 2019.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. 32.
[26] R. Doc. 35.